IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-361-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ERNEST TULSIDA CARPENTER, | ) | |
| Defendant. | ) | |

On July 12, 2021, Ernest Tulsida Carpenter ("Carpenter" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 67]. That same day, the court appointed counsel for Carpenter pursuant to standing order 19-SO-3, and the case was reassigned to the undersigned [D.E. 68]. On March 1, 2022, Carpenter, through counsel, filed a motion in support [D.E. 71]. On April 13, 2022, the government responded in opposition [D.E. 75]. As explained below, the court denies Carpenter's motion.

I.

On May 9, 2016, pursuant to a written plea agreement, Carpenter pleaded guilty to Hobbs Act robbery (count one) and discharging a firearm during and in relation to a crime of violence (count two). See [D.E. 33, 35]. On September 14, 2016, the court held Carpenter's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 43]; [D.E. 44]. The court calculated Carpenter's total offense level to be 27, his criminal history category to be I, and his advisory guideline range on count one to be 70 to 87 months' imprisonment and on count two to be 120 months' consecutive

imprisonment. See PSR ¶¶ 36, 47, 50. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Carpenter to 70 months' imprisonment on count one and 120 months' consecutive imprisonment on count two for a total of 190 months' imprisonment. See [D.E. 44]; [D.E. 45] 2. Carpenter did not appeal.

On May 8, 2019, Carpenter moved to vacate his sentence under 28 U.S.C. § 2255. See [D.E. 52]. On January 22, 2020, the court dismissed Carpenter's motion for failure to state a claim upon which relief can be granted. See [D.E. 63–64].

On July 12, 2021, Carpenter moved for compassionate release. See [D.E. 67]. The government opposes the motion. See [D.E. 75].

## II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

2

defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see

3

Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

On May 29, 2021, Carpenter applied to his warden for compassionate release. See [D.E. 67-1]. On June 17, 2021, the warden denied the request. See [D.E. 67-2]. The government has not invoked section 3582(c)(1)(A)'s exhaustion requirements. See [D.E. 75] 3. Therefore, the court addresses Carpenter's motion on the merits. See Muhammad, 16 F.4th at 130.

Carpenter seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (obesity, hypertension, atherosclerosis, osteoarthritis, history of smoking, and long-term symptoms from a COVID-19 infection), his mental health problems, his rehabilitation efforts, his time served, his release plan, and his supportive family. See [D.E. 67] 1–2, 4–18; [D.E. 71] 6–13; [D.E. 71-2].

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). According to medical records, Carpenter is obese and has hypertension, atherosclerosis, osteoarthritis, and a history of smoking. See [D.E. 71-1]. His medical records do not indicate that

4

he has had COVID-19 or has long-term health effects from a COVID-19 infection. See id. Carpenter argues his medical conditions put him at heightened risk of serious infection from COVID-19. See [D.E. 67] 1–2, 4–12, 14–16; [D.E. 71] 6–10. Other than the risk from COVID-19, Carpenter does not argue that the BOP is not providing needed treatment for his medical conditions or that he is unable to manage his medical conditions while incarcerated. See [D.E. 67, 71, 71-2]. And Carpenter has received three doses of the Moderna COVID-19 vaccine. See [D.E. 75-1]. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of

5

district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Carpenter from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Carpenter's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Carpenter's medical conditions, his mental health problems, his rehabilitation efforts, his time served, his release plan, and his supportive family are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Carpenter's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Carpenter is 50 years old and is incarcerated for Hobbs Act robbery (count one) and discharging a firearm during and in relation to a crime of violence (count two). See PSR ¶¶ 1–5. In 2014, Carpenter forced two restaurant employees into an office at gunpoint. See id. ¶¶ 4–5. During the robbery, Carpenter shot one employee in the foot and another employee in the abdomen, causing life-threatening injury. See id. Carpenter's criminal history dates back to 1990 and includes

6

repeated drug offenses and violence. See id. ¶¶ 12–14. Before his federal conviction, Carpenter received felony convictions for possession with intent to sell and deliver marijuana and possession of cocaine. See id. ¶¶ 12, 14. He also received misdemeanor convictions for assault with serious injury and resisting or obstructing a public officer. See id. ¶ 13.

Carpenter has made some positive efforts while federally incarcerated. He has worked as a sewing machine operator in the textile factory and a material handler in the packaging department while incarcerated. See [D.E. 71-5]. Carpenter has earned certificates in carpet, resilient, and tile installation and forklift operator safety. See [D.E. 71-3] 5, 7. He has also taken courses on drug abuse and other topics. See [D.E. 71-3]. Carpenter states that has incurred only one disciplinary infraction during his federal incarceration and that it was for abusing telephone privileges. See [D.E. 67] 14; [D.E. 71-6].

The court must balance Carpenter's largely positive efforts while federally incarcerated with his serious and violent criminal conduct, his serious and violent criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Carpenter's potential exposure to COVID-19, his medical conditions, his mental health problems, his rehabilitation efforts, his time served, his release plan, and his supportive family. Carpenter has a release plan that includes living with a family member and working for a shipping company. See [D.E. 67] 18. The court recognizes Carpenter has a supportive family. See id. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Carpenter's arguments, the government's persuasive response, the need to punish Carpenter for his violent criminal behavior, to incapacitate Carpenter, to promote

7

respect for the law, to deter others, and to protect society, the court denies Carpenter's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 67].

SO ORDERED. This 22 day of September, 2022.

JAMES C. DEVER III
United States District Judge

8

Case 5:15-cr-00361-D  Document 76  Filed 09/22/22  Page 8 of 8