| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ERNEST TULSIDA CARPENTER, ) | |
| ) | |
| Defendant. ) | |

On April 28, 2025, Ernest Tulsida Carpenter ("Carpenter" or "defendant"), proceeding pro se, moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2019) (codified as amended at 18 U.S.C. § 3582) [D.E. 83]. The same day, the court appointed counsel for Carpenter under standing order 19-SO-3 [D.E. 84, 86]. On April 29, 2025, Carpenter submitted a character letter [D.E. 85]. On October 16, 2025, Carpenter, through counsel, supplemented his pro se motion for compassionate release [D.E. 87] and filed exhibits in support [D.E. 87-1 to 87-7]. On October 30, 2025, the United States responded in opposition to Carpenter's motion for compassionate release [D.E. 91]. As explained below, the court denies Carpenter's motion for compassionate release.

I.

On May 9, 2016, with a written plea agreement, Carpenter pleaded guilty to Hobbs Act robbery (count one) and discharging a firearm during and in relation to a crime of violence (count two). See [D.E. 33, 35]. On September 14, 2016, the court held Carpenter's sentencing hearing and adopted the facts set forth in the Amended Presentence Investigation Report ("Am. PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); Am. PSR [D.E. 43]; [D.E. 44]. The court calculated Carpenter's total offense level to be 27, his criminal history category to be I, and his advisory

guideline range on count one to be 70 to 87 months' imprisonment and on count two to be 120 months' consecutive imprisonment. See Am. PSR at ¶¶ 36–50. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Carpenter to 70 months' imprisonment on count one and 120 months' consecutive imprisonment on count two for a total of 190 months' imprisonment. See [D.E. 44]; [D.E. 45] 2. Carpenter did not appeal.

On May 8, 2019, Carpenter moved to vacate his sentence under 28 U.S.C. § 2255. See [D.E. 52]. On January 22, 2020, the court dismissed Carpenter's motion for failure to state a claim upon which relief can be granted. See [D.E. 63, 64]. Carpenter did not appeal.

On July 12, 2021, Carpenter moved for compassionate release. See [D.E. 67]. On July 13, 2021, the case was reassigned to the undersigned. On September 22, 2022, the court denied Carpenter's motion for compassionate release. See [D.E. 76]. Carpenter did not appeal.

On April 28, 2025, Carpenter, proceeding pro se, moved for compassionate release. See [D.E. 83]. The same day, the court appointed counsel for Carpenter under standing order 19-SO-3 [D.E. 84, 86]. On April 29, 2025, Carpenter submitted a character letter [D.E. 85]. On October 16, 2025, Carpenter supplemented his pro se motion for compassionate release [D.E. 87] and filed exhibits in support [D.E. 87-1 to 87-7]. The government opposes the motion. See [D.E. 91].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th

2

Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, __ F.4th __, 2025 WL 3559989, at *1 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances;

3

(2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

Carpenter seeks compassionate release under section 3582(c)(1)(A). See [D.E. 83] 1. In support, Carpenter argues extraordinary and compelling circumstances exist because "his worsening health conditions have significantly diminished his ability to provide self-care in a prison setting." Id.; see id. at 4–7; [D.E. 83-1, 87, 87-2, 87-3]. Carpenter also cites his rehabilitation efforts, time served, his release plan, and supportive friends. See [D.E. 83] 7–14.

On January 5, 2025, Carpenter submitted a written request to the warden of FCI Fort Dix. See [D.E. 83] 4; [D.E. 83-1] 1. Carpenter does not detail whether the warden received the request. The court assumes without deciding that the warden received the request and that 30 days have passed since the warden's receipt. Thus, the court addresses the merits of Carpenter's motion.

4

As for the "medical circumstances of the defendant" policy statement, the policy statement requires, in relevant part, that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" or that the defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B)–(C). Carpenter (age 53) states that he suffers from "myriad health concerns," [D.E. 83] 4, including "several severe cardiac related problems," sleep apnea, and spinal stenosis. Id. at 5–6; see [D.E. 87] 1–2; [D.E. 87-2] [D.E. 87-3]. As for his ability to provide self-care, Carpenter states that, because of his medical issues, he suffers from shortness of breath and struggles to walk from his cell to other locations in the correctional facility. See [D.E. 83] 5–6. In his counseled supplement to his motion, Carpenter argues that his medical conditions "not only compromise his long-term health and have impeded his ability to provide self-care but also underscore need for consistent, comprehensive, stable medical care and access to community-based treatment following release." [D.E. 87] 1–2. Carpenter does not allege that his condition is terminal. Cf. U.S.S.G. § 1B1.13(b)(1)(A). As for the adequacy of Carpenter's care in custody, Carpenter argues that the Bureau of Prisons has failed to "address his [health] needs," including his spinal stenosis and sleep apnea. [D.E. 83] 6; see id. at 7.

Carpenter's representations in his motion and his medical records belie his complaints. Carpenter's motion demonstrates that he received surgery for spinal stenosis quickly after the facility's doctors evaluated him following a workplace incident. See id. at 6. Carpenter faults the facility for allegedly ignoring his earlier complaints "about neck pain and numbness." Id.

5

Carpenter's medical records also demonstrate that he has received effective treatment for his various medical conditions. See, e.g., [D.E. 87-2] 25 (shortness of breath reduced by 70%); id. at 32 ("[Carpenter] . . . said he is recovering very nicely [from treatment for shortness of breath] and tries to walk around rather than be [stuck] in the wheelchair."); [D.E. 91] 12–13 (describing instances when Carpenter received prompt and effective medical attention and supplies, including a CPAP machine, and detailing that staff at FCI Fort Dix confirmed Carpenter's cell contains an electrical outlet). Carpenter fails to demonstrate that his condition inhibits his ability to provide self-care in his correctional facility or that he is not being provided adequate medical care in custody. See, e.g., United States v. Worrell, No. 6:24-CR-552, 2025 WL 3268305, at *3–4 (D.S.C. Nov. 24, 2025) (unpublished) United States v. Preston, No. 4:21-CR-15, 2025 WL 2997529, at *3–7 (W.D. Va. Oct. 24, 2025) (unpublished); United States v. Barnhart, No. 7:17-CR-55, 2023 WL 8283635, at *2 (W.D. Va. Nov. 30, 2023) (unpublished); United States v. Madison, No. CR JKB-21-37, 2023 WL 4052237, at *1 (D. Md. June 16, 2023) (unpublished), appeal dismissed, No. 23-6681, 2023 WL 9132369 (4th Cir. Sept. 13, 2023); United States v. Smith, No. 3:15-CR-101, 2021 WL 3641463, at *2 (E.D. Va. Aug. 17, 2021) (unpublished). Thus, reducing Carpenter's sentence because of his condition does not comport with U.S.S.G. § 1B1.13(b)(1)(B)–(C).

As for the other reasons policy statement, although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 at n.9. The court assumes without deciding that Carpenter's medical condition, his health problems in prison, his rehabilitation efforts, his time served, and his support system and release plan are compelling reasons under section 3582.

6

The court assumes without deciding that Carpenter's health condition also is an extraordinary and compelling reason under section 3582(c)(1)(A). The section 3553(a) factors, however, counsel against granting Carpenter's motion for compassionate release. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Carpenter is 53 years old and engaged in serious criminal conduct. See Am. PSR at ¶¶ 4–10. Carpenter robbed a Moe's Southwestern Grill in Fayetteville, North Carolina. See id. at ¶¶ 4–5. Carpenter obtained the car he used to travel to the restaurant by trading cocaine base for the car. See id. at ¶ 10. Wearing a black mask and armed with a gun, Carpenter entered the restaurant. See id. Carpenter told an employee that he would "shoot every employee in the business" if someone did not open the restaurant's safe. Id. at ¶ 4. At gunpoint, Carpenter forced the employees to the building's rear, where the safe was located. See id. Carpenter leaned over to take the money from the safe. See id. An employee lunged at Carpenter. See id. Carpenter shot that employee in the foot, and he shot another employee in the abdomen. See id. Carpenter fled the scene. See id. For the wounded employees, Carpenter caused lasting mental and physical damage. See id. at ¶¶ 7–8.

Carpenter's horrifying criminal conduct was nothing new. When he committed the armed robbery, Carpenter had felony convictions for possession with intent to sell and deliver marijuana and possession of cocaine. See id. at ¶¶ 12, 14. Carpenter also had misdemeanor convictions for assault with serious injury and resisting or obstructing a public officer. See id. at ¶ 13. Carpenter's criminal history dates to 1990 and includes drug offenses and violence. See id. at ¶¶ 12–14.

Carpenter has made some positive efforts while federally incarcerated. Carpenter participated in UNICOR and earned his GED. See [D.E. 87] 2–3; [D.E. 87-4]. Carpenter has received only one infraction. See [D.E. 87-6]. Carpenter has a release plan. See [D.E. 83] 11–

7

13. Carpenter's foreman with UNICOR submitted a character letter on Carpenter's behalf. See [D.E. 85] 1.

The court also has considered Carpenter's argument concerning his recidivism risk. See [D.E. 83] 10; [D.E. 87] 3. The court finds Carpenter's argument concerning his recidivism risk unpersuasive because Carpenter committed the offenses of conviction at 44. Carpenter already is a statistical outlier. Carpenter's criminal conduct escalated in seriousness as he grew older.

Having considered the entire record, the section 3553(a) factors, Carpenter's arguments, and the need to punish Carpenter for his serious criminal behavior, to incapacitate Carpenter, to promote respect for the law, to deter others, and to protect society, the court denies Carpenter's motion for compassionate release. See, e.g., Concepcion v. United States, 597 U.S. 481, 498–501 (2022); Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Washington, 2025 WL 3559989, at *3–4; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motions for a compassionate release [D.E. 83].

SO ORDERED. This 19 day of December, 2025.

                                                  JAMES C. DEVER III
                                                  United States District Judge